Filed 12/14/21  In re R.A. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re R.A., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B311608 (Super. Ct. No. 2020031711) (Ventura County) |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>R.A.,<br><br>Defendant and Appellant. | |

The juvenile court sustained a petition filed against R.A. finding that he committed a misdemeanor of unlawful possession of alcohol by a minor in a public place.  (Bus. & Prof. Code, § 25662, subd. (a); Welf. & Inst. Code, § 602.)  The juvenile court's disposition order placed appellant home on probation for six months without wardship.  Appellant contends there was

insufficient evidence to support the juvenile court's finding. We disagree and affirm.

FACTS AND PROCEDURAL HISTORY

On October 18, 2020, at approximately 4:35 p.m., two Ventura County Sheriff's deputies were dispatched to a residential complex in response to a call of a noise disturbance and possible juveniles drinking alcohol. The first deputy who arrived at the scene later testified that he observed a group of individuals situated in a semicircle around a makeshift table in a grassy area near the residential complex and open to the public. Appellant and another individual stood next to a vehicle approximately 10 to 15 feet from the individuals seated around the table.

The second deputy testified that when he arrived at the scene, he observed "empty beer cans and bottles surrounding the area," as well as what appeared to be "numerous cases" of an alcoholic beverage. He also observed a half empty beer bottle on the makeshift table a couple of feet in front of where appellant was standing. When the deputy asked appellant "[h]ow many have you drank," appellant responded, "three or four." The deputy then asked how old appellant was, to which he replied that he was fifteen. Appellant was subsequently cited for being a minor in possession of alcohol and released to a family member.

In November 2020, the district attorney's office filed a juvenile petition alleging in count one that appellant committed a misdemeanor of unlawful possession of alcohol by a minor in a public place and requesting wardship. (Bus. & Prof. Code, § 25662, subd. (a); Welf. & Inst. Code, § 602.)

2

In February 2021, following a contested hearing, the juvenile court found the allegation in count one of the petition to be true.

In March 2021, at the disposition hearing, the juvenile court placed appellant home on probation for six months without wardship.

DISCUSSION

Appellant contends there was insufficient evidence to sustain the juvenile court's finding that he possessed alcohol in a public place. His contention is without merit.

Our role in this appeal is limited. "In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].'" (*People v. Bolin* (1998) 18 Cal.4th 297, 331 (*Bolin*).) "We neither reweigh the evidence nor reevaluate the credibility of witnesses. [Citation.] We presume in support of the judgment the existence of every fact the [juvenile court] reasonably could deduce from the evidence." (*People v. Jennings* (2010) 50 Cal.4th 616, 638-639 (*Jennings*).) The "testimony of a single witness is sufficient to support a conviction" unless the testimony is "physically impossible or inherently improbable." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.)

Business and Professions Code section 25662, subdivision (a) provides: "[A]ny person under 21 years of age who possesses any alcoholic beverage on any street or highway or in any public

3

place or in any place open to the public is guilty of a misdemeanor . . . ."

"The essential elements of possession of a controlled substance are 'dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character.'" (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1242 (*Palaschak*).) These elements can be established circumstantially. (*Ibid.*)

Appellant concedes he was under 21 years of age at the time of the incident, and he concedes that he "consumed beer," but he contends there is no substantial evidence to support the finding that he "criminally possessed alcohol in a public place." He reasons that at best, the evidence relied upon by the prosecution raises only an "inference of prior possession," which is insufficient to support the juvenile court's finding that appellant possessed the alcohol at the scene. Appellant relies upon *Palaschak* for the "long-established" proposition that evidence of ingestion of an intoxicant, standing alone, "should not be deemed adequate to sustain a possession charge." (*Palaschak, supra,* 9 Cal.4th at pp. 1240-1241.)

We reject appellant's argument because he misapprehends the nature of substantial evidence review. As noted above, our task is solely to assess whether the evidence was sufficient to support the juvenile court's finding that appellant was a minor in possession of an alcoholic beverage in a public place. (See *Bolin, supra,* 18 Cal.4th at p. 331; *Jennings,* supra, 50 Cal.4th at pp. 638-639.)

Here, the evidence included the testimony of the two deputies who responded to the scene. The second deputy testified that he saw "numerous cases" of what appeared to be an alcoholic

4

beverage, as well as "empty beer cans and bottles surrounding the area."  The deputy also testified to observing a "half empty" beer bottle within a "couple [of] feet" in front of appellant and appellant's admission to consuming alcohol.  The evidence also included the deputy's body worn cam footage and a still photo depicting the scene.

Even if, as appellant contends, it is theoretically possible that he consumed the alcohol at another location at another time, this theory is irrelevant because the juvenile court expressly considered and rejected it.  While the juvenile court opined that the questions asked by the deputies "could have been more specific," it found that "the *only reasonable conclusion* based on the circumstances, is that the minor consumed alcohol at or about the time of the contact."  (Italics added.)

Viewed in the light most favorable to the judgment, substantial evidence supports the juvenile court's finding.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, acting P.J.

We concur:


PERREN, J.


TANGEMAN, J.


5

Ferdinand D. Inumerable, Judge
Superior Court County of Ventura

_____

Nancy Wechsler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Michael J. Wise, Deputy Attorney General, for Plaintiff and Respondent.